

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 7, 2025

**BY EMAIL**
**UNDER SEAL**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
New York, NY 10007

    Re:    *United States v. Bruce Morris*, 24 Cr. 358 (JMF)

Dear Judge Furman:

    In advance of the January 13, 2025 trial in this case, the Government respectfully submits a supplemental motion *in limine* following its motions *in limine* filed on December 20, 2024 (Dkt. No. 40) (the "December 2024 Motions *in Limine*"), for an order limiting certain cross examination and to admit certain statements against penal interest.

    The Government moves for a ruling from the Court to preclude improper cross examination of three Government witnesses, Witness-1 and Witness-4,[1] regarding issues unrelated to witness credibility. In particular, the Government seeks a ruling limiting cross-examination regarding ██████████████████████████████████████████████ three decades-old misdemeanor convictions, and prior arrests that resulted in no charges. Similarly, the Government seeks to limit the cross-examination of Witness-4 ██████████████████████████████████, and 15-year-old uncharged possession of firearms. Because none of these lines of cross-examination bears on the witnesses' credibility, each is prejudicial, and most inquire into conduct many years old, the Court should preclude cross-examination pursuant to Federal Rules of Evidence 608, 609, and 403.

    The Government also moves for a ruling regarding the admissibility of certain statements made against penal interest by an unavailable witness pursuant to Federal Rule of Evidence 804(b)(3).[2]

---

[1] "Witness-1," and "Witness-4" described herein are the same "Witness-1," and "-4" described in the Government's December 2024 Motions *in Limine*.

[2] Pursuant to the Court's individual rules, the parties met and conferred with respect to the cross-examination issues raised in this motion. During those meet and confers, defense counsel declined to inform the Government about whether they would inquire on cross-examination about any of the specific matters addressed in this motion. With respect to the hearsay portion of this motion, the Government asked defense counsel for its position and/or to schedule a call to meet and confer

## I. RELEVANT FACTS

*Witness-1*

Witness-1, whose testimony is described in greater detail in the December 2024 Motions *in Limine,* has used drugs for several decades, beginning when Witness-1 was a teenager.



Witness-1 has three misdemeanor convictions: a 2011 conviction for petit larceny; a 2013 conviction for ███████████████, and a 2003 conviction for resisting arrest. Witness-1 also has a 2002 conviction for disorderly conduct. In 2020, Witness-1 was arrested for assault after a dispute with an elderly friend; those charges were dismissed because the friend declined to cooperate with state authorities and requested the charges be dismissed. In 2022, Witness-1 was arrested because of her involvement in a fight between Partner-1 and a neighbor over money owed. Witness-1 called the police, and all three parties were arrested. The charges were dropped against all involved. Between 1996 and 2011, Witness-1 was arrested 12 other times. None of those arrests resulted in convictions. Five arrests were for possession of controlled substances; two arrests were for ███████████████████; another was for possessing a forged instrument and ██████████; three arrests were for criminal trespass; and one was for harassment, arising out of a dispute with an acquaintance.[4]

---

in emails sent on the night of January 6, 2025 and the morning of January 7, 2025, but received no response.

[3] ████████████████████████████████████████████████████████████████████████ The facts herein are reported from Witness-1.

[4] In addition to the arrests listed here, Witness-1 was also arrested in 2011, but no charges were filed. ████████████████████████████████████████████████

Witness-1 is expected to testify that Witness-1 and Partner-1 lived across the hall from the defendant at 868 Faile Street from in or about 2014 to in or about 2023, when Partner-1 died. Witness-1 and Partner-1 purchased crack cocaine from the defendant and his co-conspirators on a daily basis, during the approximately nine years that they lived at 868 Faile Street. During the winter before the murder at issue in this case, which occurred on August 11, 2016 (the "Murder"), Witness-1 observed the defendant come to the apartment she shared with Partner-1 and deliver a box. Partner-1 later told Witness-1 that the defendant had provided in the box a firearm and asked Partner-1 to hold—that is, to stash—the firearm on behalf of the defendant. Partner-1 told Witness-1 that the defendant promised to pay Partner-1 in crack for stashing the firearm for him. According to Witness-1, Partner-1 stashed the gun for about two days before the defendant retrieved it from Partner-1.

*Witness-4*

Witness-4, whose testimony is described in greater detail in the December 2024 Motions *in Limine*, worked as a registered confidential informant for the NYPD from 2015 through 2019. Witness-4, who was brought to the United States when he was a minor, is a native of the former Yugoslavia  Witness-4 has not possessed any firearms for at least approximately 15 years.

## II. THE COURT SHOULD PRECLUDE CROSS EXAMINATION ABOUT ISSUES NOT BEARING ON WITNESS CREDIBILITY

The Government respectfully requests that the Court prohibit the defendant from cross-examining certain witnesses on matters unrelated to credibility, specifically, with respect to



Witness-1: █████████████████████████████████████████, the misdemeanor convictions, and the arrests that did not result in criminal convictions, and with respect to Witness-4: the █████████████████████████████████████, and his prior uncharged firearms possession. This conduct has no bearing on the witnesses' credibility, is highly inflammatory, and has no probative value or relation to the charged offenses or issues at trial. Accordingly, the Government respectfully requests that the Court exercise its broad discretion to preclude the defendant from inquiring into the specific topics identified herein.

### A. Applicable Law

Courts have routinely held that "the scope and extent of cross-examination lies within the sound discretion of the trial judge." *United States v. Scarpa*, 913 F.2d 993, 1018 (2d Cir. 1990). Pursuant to Rule 611(b) of the Federal Rules of Evidence, "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." The district court has discretion to allow cross-examination regarding "specific instances of conduct" under Federal Rule of Evidence 608(b) if the conduct is "probative of the character for truthfulness or untruthfulness."

Rule 608(b) establishes the test for impeachment by evidence of specific instances of past conduct. The Rule provides that such instances may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). Notably, the Rule precludes the admission of extrinsic evidence to prove specific instances of a witness's prior conduct for purposes of attacking the witness's character for truthfulness. *Id.* Rule 608(b) also provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The Court "may, on cross-examination, allow [those prior acts] to be inquired into," but only if such acts "are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1).

With respect to prior convictions, Rule 609(a)(1) provides that evidence of a witness's prior felony conviction "must be admitted, subject to Rule 403." *See United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) ("Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully."). And evidence of any conviction, regardless of whether it is a felony, is admissible if it involved a crime of dishonesty or false statement. *See* Fed. R. Evid. 609(a)(2) (evidence of a prior conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement"). Rule 609 also contains a time restriction: "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The Second Circuit "ha[s] repeatedly 'recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances." *Farganis v. Montgomery*, 397 F. App'x 666, 669 (2d Cir. 2010) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993)).

Any cross-examination also must satisfy Rule 403—that is, specific instances of a witness's prior conduct may be inquired into on cross-examination only if the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403; *United States v. Sasso*, 59 F.3d 341, 347-48 (2d Cir. 1995). Thus, courts in this Circuit have repeatedly barred cross-examination regarding conduct that has no bearing on a witness's credibility. *See, e.g., United States v. Jeffers*, 402 F. App'x 601, 603 (2d Cir. 2010) (affirming preclusion of cross-examination of cooperating witness regarding prior acts of domestic violence based on "determination that the purported prior acts of violence were not probative of [the witness's] credibility"); *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) (affirming preclusion of cross-examination of cooperating witness regarding his role in a murder because the "murder was not relevant to [the witness's] credibility," and noting that "there was ample other material through which defendants could test his credibility and expose any bias"); *Estrada*, 430 F.3d at 621 (noting that "crimes of violence . . . may bear so marginally on honesty or veracity, depending on the circumstances of those crimes, as to justify exclusion [even] under [the less exacting standard of] Rule 609(a)(1)."); *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (precluding cross-examination regarding witness's prior arrests for allegedly assaulting his girlfriend, finding that "they do not involve instances of dishonesty or making false statements" and noting "the Second Circuit's inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity").

### B. Discussion

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Court should preclude, pursuant to Rules 608 and 403, any cross examination regarding ▓▓▓▓▓▓▓▓▓▓▓▓ have nothing to do with Witness-1's expected testimony at trial, which pertains to witnessing a murder and purchasing drugs from the defendant and his co-conspirators. Allowing cross examination regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, would be unfairly prejudicial, serve only to embarrass Witness-1, and would distract the jury from the facts at issue. *See* Fed. R. Evid. 611 (outlining that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility," and that the Court should "avoid wasting time" and "protect witnesses from harassment or undue embarrassment."); *United States v. Watts*, 934 F. Supp. 2d 451, 481 (E.D.N.Y. 2013) (precluding cross examination about children's health issues after finding such information of limited probative value). The potential for unfairly prejudicing the jury combined with the embarrassment that Witness-1 would suffer if ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, far outweighs any probative value such testimony would have, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. That is particularly true here, where the defendant will be able to cross-examine Witness-1 on issues that actually go to Witness-1's credibility, such as her long history of drug use, relationship to the defendant and his family, and motivation for testifying.



▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See Bachir v. Transoceanic Cable Ship Co.*, 98 Civ. 4625, 2002 WL 413918, at *10 (S.D.N.Y. Mar. 15, 2002) (holding that "acts committed twenty years ago are too remote" to be sufficiently probative for admission as evidence); Fed. R. Evid. 609(b).

For the same reasons, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ He is expected to testify regarding his long history of buying heroin from the defendant and his co-conspirators, including the Victim. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and inquiry regarding those proceedings would confuse the jury and result in a distracting sideshow on a pending judicial matter. *LSSi Data Corp. v. Time Warner Cable, Inc.*, 892 F. Supp. 2d 489, 502 (S.D.N.Y. 2012) (Engelmayer, *J.*) (holding that allegations made in an unresolved proceeding have no evidentiary value and collecting cases on this proposition).

### 2. Prior Convictions and Other Contacts with Law Enforcement

The Court should preclude cross examination of Witness-1's prior misdemeanor convictions, and arrests that did not result in criminal convictions.

Federal Rules of Evidence 608, 609, and 403 prohibit cross-examination—as well as the introduction of extrinsic evidence—regarding Witness-1's misdemeanor convictions for petit larceny, resisting arrest, and ▓▓▓▓▓▓▓▓, and violation conviction for disorderly conduct. Under Rule 608, the defendant should be precluded from inquiring about this conduct, which has no relation to the conduct at issue in this case and is not probative of the witnesses' capacity for truthfulness. Nor would it be proper to admit extrinsic evidence of these convictions under Rule 609. That rule precludes evidence of Witness-1's misdemeanor convictions for resisting arrest and ▓▓▓▓▓▓▓▓, and violation conviction for disorderly conduct, which are neither felony convictions nor a conviction that requires proving a dishonest act of false statement. Fed. R. Evid. 609(a)(1), (2). Under Rule 609(b), extrinsic evidence of Witness-1's petit larceny conviction is also presumptively inadmissible absent a showing by the defendant that the probative value of such evidence—supported by specific facts—substantially outweighs its prejudicial effect. *United States v. Rodriguez–Andrade*, 62 F.3d 948 (7th Cir.1995) (district court did not abuse its discretion in excluding burglary and criminal trespass convictions because they were unrelated to witness's ability to tell the truth).

The Court should also preclude cross examination regarding Witness-1's prior arrests, including her 2002 arrest for possession of a forged instrument. These decades old arrests were mere accusations and do not bear on Witness-1's ability to testify truthfully. *See Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness."). Moreover, even if these charges had resulted in convictions (which they did not), they have minimal bearing on

Witness-1's credibility, given the passage of time and the minimal connection to the conduct at issue in this case. *See United States v. Jeffers*, 402 F. App'x 601, 603 (2d Cir. 2010) ("[P]urported acts of [domestic] violence [are] not probative" of the witnesses' credibility.); *United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 568 (S.D.N.Y. 2010) (precluding petit larceny arrest that occurred twenty-one years earlier as "too remote in time to be probative"); *United States v. Whitley*, No. 04 Cr. 1381 (RCC), 2005 WL 2105535, at *3 n.2 (S.D.N.Y. Aug. 31, 2005) ("To the extent that the Government's motion is addressed to Stokes' conviction for narcotics possession rather than sale . . . the prior conviction has little probative value on the matter of truthfulness."); *Young v. Calhoun*, No. 85 Civ. 7584 (SWK), 1995 WL 169020, at *5 (S.D.N.Y. Apr. 10, 1995) (excluding 20-year-old trespass conviction under Rule 609(b)). In short, evidence of these convictions or arrests—or even inquiry into them—would not assist the jury in assessing the credibility of Witness-1, and instead would unfairly prejudice the jury against Witness-1 for engaging in irresponsible conduct.

### 3. Witness-4's  and Prior Firearms Possession

Witness-4's ▇▇▇▇ is also not probative of any fact at issue in this trial. It does not go to his credibility or character for truthfulness. As such, and given the potential prejudice it may have, the Court should preclude such questioning. ▇▇▇▇ The same goes for his past uncharged possession of firearms. Such conduct is at least 15 years old; irrelevant to truthfulness; and would serve only to inflame the jury.

## III. STATEMENTS AGAINST PENAL INTEREST SHOULD BE ADMITTED

Partner-1's statements about the defendant asking him to stash a firearm are statements against penal interest and should be admitted.

### A. Applicable Law

"Federal Rule of Evidence 804(b)(3) permits the admission of a statement against an unavailable declarant's penal interest if the statement, when made, had so great a tendency to expose the declarant to criminal liability that a reasonable person in his position would have made the statement only if he believed it to be true, and corroborating evidence clearly indicates the trustworthiness of the statement." *United States v. Myton*, 224 F. App'x 125, 129 (2d Cir. 2007) ("Davis was dead at the time of the trial and was thus clearly unavailable."); *United States v. Watts*,

No. S3 09 Cr. 62 (CM), 2011 WL 167627, at *5 (S.D.N.Y. Jan. 11, 2011) ("There is no dispute that the declarant died a natural death, and is thus unavailable to testify.").

Next, when "assessing whether a statement is against penal interest within the meaning of Rule 804(b)(3), the district court must first ask whether a reasonable person in the declarant's shoes would perceive the statement as detrimental to his or her own penal interest.'" *Gupta*, 747 F.3d at 127 (quoting *United States v. Saget*, 377 F.3d 223, 231 (2d Cir.2004). That question, in turn, "can be answered only 'in light of all the surrounding circumstances.'" *Id.* (quoting *Williamson v. United States*, 512 U.S. 594, 604 (1994)). "A statement will satisfy Rule 804(b)(3)'s requirement that it 'tended' to subject the declarant to criminal liability if it would be probative in a trial against the declarant." *United States v. Persico*, 645 F.3d 85, 102 (2d Cir. 2011) (quotation marks omitted). "The rule does not require that the declarant be aware that the incriminating statement subjects him to immediate criminal prosecution." *Id.* (quotation marks omitted). Put differently, "[t]he proffered statement need not have been sufficient, standing alone, to convict the declarant of any crime, so long as it would have been probative in a criminal case against him." *Gupta*, 747 F.3d at 127 (quotation marks and alterations omitted).

Once the court is satisfied that the statement is against the declarant's penal interest, it "must then determine whether there are corroborating circumstances indicating both the declarant's trustworthiness and the truth of the statement." *Id.* (quotation marks omitted). The inference of trustworthiness "'must be strong, not merely allowable.'" *Id.* (quoting *United States v. Salvador*, 820 F.2d 558, 561 (2d Cir. 1987)). Circumstances giving rise to the requisite strong inference of trustworthiness include: (1) "the statement was made to a person whom the declarant believes is an ally," *United States v. Saget*, 377 F.3d 223, 230 (2d Cir. 2004), supplemented, 108 F. App'x 667 (2d Cir. 2004) (quotation marks omitted), rather than "to curry favor with authorities," *United States v. Williams*, 506 F.3d 151, 155 (2d Cir. 2007); (2) details contained in the statement are corroborated by independent evidence, *e.g., Gupta*, 747 F.3d at 128-29 (corroboration included proof that declarant did receive a call as described in statement); *United States v. Wexler*, 522 F.3d 194, 202-03 (2d Cir. 2008) (corroboration included others' testimony and documentary evidence); and (3) the statement does not reflect an effort by the declarant to shift blame onto the defendant, but rather describes actions the declarant and the defendant "jointly committed," *Saget*, 377 F.3d at 230; *see also Williams*, 506 F.3d at 155; *cf. Williamson*, 512 U.S. at 604 (noting arrested declarant's incentive, when naming another to police, to minimize his own exposure and shift blame).

### B. Discussion

Partner-1's statements regarding stashing the firearm for the defendant in exchange for illegal crack should be admitted as statements against penal interest. Partner-1 is deceased, and therefore, unavailable. The defendant admitted to possessing a firearm at the defendant's direction, which is a crime in New York State,[6] in exchange for crack, which is illegal under federal and state law. *See Wexler*, 522 F.3d at 203 (upholding admission of statements against penal interest when the declarant incriminated himself as well as the defendant). These statements have the

---

[6] *See* N.Y. P. L. § 265.00.

indicia of reliability as Partner-1 made these statements to his intimate partner and confidant, Witness-1, with whom he regularly participated in the possession and consumption of illegal narcotics. *See United States v. Sasso*, 59 F.3d 341, 349 (2d Cir. 1995) ("A statement incriminating both the declarant and the defendant may possess adequate reliability if [] the statement was made to a person whom the declarant believes is an ally. . . .").

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's supplemental motions *in limine*.[7]

Respectfully Submitted,

EDWARD Y. KIM
Acting United States Attorney

By:     /s/
Matthew Weinberg / Camille L. Fletcher /
Jeffrey W. Coyle / Jaclyn Delligatti
Assistant United States Attorneys
(212) 637-2386 / 2383 / 2437 / 2559

cc:    All Counsel (by Email)

---

[7] Because this motion sets forth sensitive personal details concerning Witness-1 and Witness-4, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, that are not otherwise public, the Government respectfully requests that this motion be filed under seal. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that individual privacy interests are a "venerable common law exception to the presumption of access" to judicial documents).