UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                              Plaintiff,              :          S2 24-CR-358 (JMF)
                                                      :
              -v-                                     :          ORDER
                                                      :
BRUCE MORRIS,                                         :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Attached is the final jury charge that was delivered to the jury earlier today.

     SO ORDERED.

Dated: January 17, 2025
      New York, New York                         _____
                                                                JESSE M. FURMAN
                                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,        :

                                          :

    -v-                                   :

                                          :        S2 24-CR-358 (JMF)

BRUCE MORRIS,                      :

                                          :

                          Defendant.      :

                                          :
-------------------------------------------------------------------X

**JURY CHARGE**

January 17, 2025

**Table of Contents**

I. GENERAL INTRODUCTORY CHARGES ................................................................ 1

    Role of the Court and the Jury ................................................................ 2

    The Parties ................................................................................................ 2

    Conduct of Counsel .................................................................................. 2

    Presumption of Innocence and Burden of Proof .................................... 3

    Proof Beyond a Reasonable Doubt .......................................................... 3

    Direct and Circumstantial Evidence ....................................................... 4

    What Is and What Is Not Evidence .......................................................... 5

    Evidence Obtained Lawfully .................................................................... 7

    Stipulations ............................................................................................... 7

    Charts and Summaries .............................................................................. 7

    Credibility of Witnesses ........................................................................... 8

    Informal Immunity of Government Witness ............................................ 9

    Law Enforcement and Government Witnesses ...................................... 10

    Expert Witnesses .................................................................................... 10

    The Defendant's Arrest Status ............................................................... 11

    Uncalled Witnesses ................................................................................ 11

    Number of Witnesses and Uncontradicted Testimony .......................... 12

    Particular Investigative Techniques ...................................................... 12

    All Available Evidence Need Not Be Introduced .................................. 12

    Preparation of Witnesses ....................................................................... 13

    Persons Not on Trial .............................................................................. 13

    A Defendant's Right Not to Testify ....................................................... 14

II. SUBSTANTIVE CHARGES .............................................................................. 14

    The Indictment ....................................................................................... 14

    Count One (Drug Conspiracy): Elements .............................................. 15

        Count One — First Element: Existence of the Conspiracy ................. 16

        Count One — Second Element: Membership in the Conspiracy .......... 19

        Count One — Special Interrogatory: Type and Quantity .................... 21

Count Two (Firearm Offense): Elements ............................................................... 22

    Count Two — First Element: Use, Carry, or Possess ....................................... 23

    Count Two — Second Element: During and in Relation to a Drug Trafficking Crime ....... 24

    Count Two — Third Element: Knowingly ....................................................... 24

    Count Two — Aiding and Abetting ................................................................ 25

    Count Two — Special Interrogatory: Brandishing or Discharging ..................... 28

Count Three (Murder Using a Firearm): Elements ................................................. 28

    Count Three — First Element: Crime Charged in Count Two ............................ 29

    Count Three — Second Element: Causing Death ........................................... 29

    Count Three — Third Element: Death Qualifies as a Murder Under Federal Law ........... 30

    Count Three — Fourth Element: Knowingly .................................................. 30

Count Four (Murder while Engaged in a Drug Conspiracy): Elements ................... 30

    Count Four — First Element: Drug Conspiracy ........................................... 31

    Count Four — Second Element: Drug Type and Quantity ............................. 31

    Count Four — Third Element: Intentional Killing While Engaged in a Drug Conspiracy .. 32

    Count Four — Fourth Element: Death Results ............................................. 32

Venue ................................................................................................................. 33

Timing of the Offenses ........................................................................................ 33

III. CONCLUDING INSTRUCTIONS ................................................................. 34

Selection of the Foreperson ................................................................................ 34

Right to See Exhibits and Hear Testimony .......................................................... 34

Juror Note-Taking .............................................................................................. 35

Bias, Prejudice, and Sympathy ........................................................................... 35

Duty to Deliberate .............................................................................................. 37

Return of the Verdict .......................................................................................... 37

Closing Comments .............................................................................................. 38

1                              **I. GENERAL INTRODUCTORY CHARGES**

2        Members of the jury, you have now heard all of the evidence and the lawyers' closing

3 arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

4 you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

5 there is a need for precision, and it is important that I get the words just right, and so that is why I will be

6 reading.

7        I have given you a copy of my instructions to follow along because they cover many points.

8 Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

9 easier to listen and understand while you are following along with me, please do so.  If you would

10 prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

11 instructions, it is my oral instructions that govern and that you must follow.  But you may take your

12 copy of the instructions with you into the jury room so you can consult it if you want to re-read any

13 portion of the charge to facilitate your deliberations.

14        For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

15 not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

16 whole when you retire to deliberate in the jury room.

17        My instructions to you will be in three parts.

18        <u>First</u>, I will give you general instructions — for example, about your role as the jury, what you

19 can and cannot consider in your deliberations, and the burden of proof.

20        <u>Second</u>, I will describe the law that you must apply to the facts as you find them to be established

21 by the evidence.

22        <u>Finally</u>, I will give you some instructions for your deliberations.

23

1   <u>Role of the Court and the Jury</u>

2       You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3  and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4  is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5  If either party has stated a legal principle differently from any that I state to you in my instructions, it is

6  my instructions that you must follow.

7

8   <u>The Parties</u>

9       In reaching your verdict, you must remember that all parties stand equal before a jury in the

10  courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

11  name of the United States does not entitle the Government or its witnesses to any greater consideration

12  than that accorded to any other party.  By the same token, you must give it no less deference.  The

13  Government and the defendant, Bruce Morris, stand on equal footing before you.

14       It would be improper for you to consider, in reaching your decision as to whether the

15  Government sustained its burden of proof, any personal feelings you may have about the defendant's

16  race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

17  innocence and the Government has the same burden of proof with respect to all persons.

18

19   <u>Conduct of Counsel</u>

20       The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

21  of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

22  disapproved of their behavior, those opinions should not enter into your deliberations.

1       In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10       The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11    guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12    shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13    case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

14       Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

15    presumption of innocence was in his favor when the trial began, continued in his favor throughout the

16    entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

17    crime during the course of your deliberations in the jury room, unless and until you determine that the

18    Government proves beyond a reasonable doubt that he committed each charged crime.

19

20    <u>Proof Beyond a Reasonable Doubt</u>

21       The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

22    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

23    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

3

1  arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

2  whim.  It is not speculation or suspicion.

3      Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

4  practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

5  by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

6  establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

7      If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

8  that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

9  defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

10  person to hesitate in acting in matters of importance in his or her own affairs — then you have a

11  reasonable doubt, and in that circumstance it is your duty to acquit.

12      On the other hand, if, after a fair and impartial consideration of all the evidence, you can

13  candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

14  prudent person would be willing to act upon in important matters in the personal affairs of his or her

15  own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

16

17  <u>Direct and Circumstantial Evidence</u>

18      There are two types of evidence that you may properly use in deciding whether the defendant is

19  guilty or not guilty of the crimes with which he is charged.

20      One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

21  when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

22  observed through the five senses.  The second type of evidence is circumstantial evidence.

23  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

4

1        There is a simple example of circumstantial evidence that is often used in this courthouse.

2    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

3    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

4    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

5    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

6        Now, because you could not look outside the courtroom and you could not see whether it was

7    raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

8    asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

9        That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

10   and common sense from one established fact the existence or the nonexistence of some other fact.

11       The matter of drawing inferences from facts in evidence is not a matter of guesswork or

12   speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

13   facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

14       Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

15   Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

16   Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

17   between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

18   you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

19   the case.

20

21   <u>What Is and What Is Not Evidence</u>

22       What, then, is the evidence in the case?

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2    into evidence, and (3) any stipulations made by the parties. Anything else is not evidence.

3    For example, the questions posed to a witness are not evidence; it is the witnesses' answers that

4    are evidence, not the questions. In addition, materials brought forth only to refresh a witness's

5    recollection are not evidence. Moreover, testimony that has been stricken or excluded by me is not

6    evidence and may not be considered by you in rendering your verdict.

7    Arguments by the advocates are also not evidence. What you heard during the opening

8    statements and summations is merely intended to help you understand the evidence and reach your

9    verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your

10   recollection. If a lawyer made a statement during his or her opening or summation and you find that

11   there is no evidence to support the statement, you should disregard the statement.

12   Further, any statements that I may have made during the trial or during these instructions do not

13   constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive

14   to questions or to keep his or her voice up. At times, I may have asked a question myself. Any

15   questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

16   evidence and to bring out something that I thought might be unclear. You should draw no inference or

17   conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

18   reason of any comment, question, or instruction of mine. The rulings I have made during the trial and

19   these instructions are no indication of my views of what your decision should be. Nor should you infer

20   that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

21   you should decide any issue that is before you. That is entirely your role.

22

Evidence Obtained Lawfully

      I instruct you that all of the evidence admitted in this case was obtained lawfully and may be properly considered by you.  In particular, you heard testimony about evidence that was obtained through search warrants.  Search warrants are entirely appropriate law enforcement actions.  Whether you approve or disapprove of how this evidence — indeed, any evidence — was obtained should not enter into your deliberations because I instruct you that the Government's use of the evidence admitted at trial was lawful.  You must, therefore, regardless of your personal opinions, give each exhibit full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give the evidence in this case.

Stipulations

      Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

Charts and Summaries

      During the trial, you have seen some exhibits in the form of charts and summaries.  As I mentioned to you earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider the charts and summaries as you would any other evidence.

1

2     Credibility of Witnesses

3          How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

4     your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

5     same tests here that you use in your everyday life when evaluating statements made by others to you.

6     You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

7     was the witness to the questions asked on direct examination and on cross-examination?

8          If you find that a witness intentionally told a falsehood, that is always a matter of importance you

9     should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

10    untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

11    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

12    reject all of the testimony of any witness, or to accept or reject only portions.

13         You are not required to accept testimony even though the testimony is uncontradicted and the

14    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

15    or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

16    conclude that the testimony is not worthy of belief.

17         In evaluating the credibility of the witnesses, you should take into account any evidence that a

18    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

19    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

20    interests.  Therefore, if you find that any witness whose testimony may have an interest in the outcome

21    of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony

22    and decide whether to accept it with great care.

8

1    Keep in mind, though, that it does not automatically follow that testimony given by an interested

2    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

3    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

4    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

5

6    Informal Immunity of Government Witness

7    You have heard the testimony of a witness who has been promised that in exchange for testifying

8    truthfully, she will not be prosecuted for certain crimes that she admitted either here in court or in

9    interviews with the prosecutors.  This promise was not a formal order of immunity by the Court but was

10   arranged directly between the witness and the government.

11   The Government is permitted to make these kinds of promises and is entitled to call as witnesses

12   people to whom these promises are given.  You are instructed that you may convict a defendant on the

13   basis of such a witness' testimony alone, if you find that her testimony proves the defendant guilty

14   beyond a reasonable doubt.

15   However, the testimony of a witness who has been promised that she will not be prosecuted

16   should be examined by you with greater care than the testimony of an ordinary witness.  You should

17   scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the

18   defendant in order to further the witness' own interests; for, such a witness, confronted with the

9

1    realization that she can win her own freedom by helping to convict another, has a motive to falsify his

2    testimony.

3          Such testimony should be received by you with suspicion and you may give it such weight, if

4    any, as you believe it deserves.

5

Law Enforcement and Government Witnesses

7          You have heard testimony from law enforcement or other government witnesses.  The fact that a

8    witness may be employed as a law enforcement official or government employee does not mean that his

9    or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

10   that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

11   testimony of any law enforcement witness or government witnesses, as it is with every other type of

12   witness, and to give to that testimony the weight you find it deserves.

13

Expert Witnesses

15         You have heard testimony from several expert witnesses.  As I previously explained, an expert

16   witness is someone who, by education or experience, has acquired learning or experience in a

17   specialized area of knowledge.  Such a witness is permitted to express his or her opinions on matters

18   about which he or she has specialized knowledge and training.  The parties present expert testimony to

19   you on the theory that someone who is experienced in the field can assist you in understanding the

20   evidence or in reaching an independent decision on the facts.

21         Your role in judging credibility applies to experts as well as other witnesses.  In weighing an

22   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

23   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

1    If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

2    evidence does not give you reason to doubt his or her conclusions, you would be justified in placing

3    reliance on his or her testimony.  However, you should not accept witness testimony simply because the

4    witness is an expert.  The determination of the facts in this case rests solely with you.

5

6    <u>The Defendant's Arrest Status</u>

7    You heard evidence that the defendant was arrested on or about August 11, 2016, in connection

8    with an unrelated matter.  You may not consider the defendant's having been arrested on that date as

9    evidence that he is of bad character or evidence that he had a propensity to commit the crimes charged in

10   the Indictment.

11

12   <u>Uncalled Witnesses</u>

13   There are people whose names you have heard during the course of the trial but who did not

14   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

15   call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

16   to what they would have testified to had they been called.  Their absence should not affect your

17   judgment in any way.

18   You should, however, remember my instruction that the law does not impose on a defendant in a

19   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

20   remains at all times with the Government.

21

1    <u>Number of Witnesses and Uncontradicted Testimony</u>

2          I remind you that the defendant is not required to call any witnesses or offer any evidence, since

3    he is presumed to be innocent.  On the other hand, the Government is not required to prove each element

4    of the offense by any particular number of witnesses.  The testimony of a single witness may be enough

5    to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if

6    you believe that the witness has truthfully and accurately related what he or she has told you.  The

7    testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which

8    case you must find the defendant not guilty.

9

10   <u>Particular Investigative Techniques</u>

11         There is no legal requirement that the Government prove its case through any particular means.

12   While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

13   you are not to speculate as to why the Government used the techniques it did or why it did not use other

14   techniques.

15

16   <u>All Available Evidence Need Not Be Introduced</u>

17         The law does not require any party to call as witnesses all persons who may have been present at

18   any time or place involved in the case, or who may appear to have some knowledge of the matter in

19   issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

20   things available to either party during the course of the trial.  Your concern is to determine whether or

1    not, on the evidence or lack of evidence, the Government has met its burden of proving each element of

2    each charge beyond a reasonable doubt.

3

4    Preparation of Witnesses

5        You have heard evidence during the trial that witnesses have discussed the facts of the case and

6    their testimony with their own lawyers or with Government lawyers before they appeared in court.

7    Although you may consider these facts when you are evaluating a witness's credibility, there is nothing

8    either unusual or inherently improper about a witness meeting with lawyers before testifying so that the

9    witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have

10   the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps

11   conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness

12   without such consultation.

13       As always, the weight you give to the fact or the nature of these issues and what inferences you

14   draw from them are matters completely within your discretion.

15

16   Persons Not on Trial

17       During the course of the trial, you have heard the names of other individuals mentioned in

18   connection with this case.  Some of these other individuals have been mentioned in connection with

19   what the Government alleges was illegal activity.  You may not draw any inference, favorable or

20   unfavorable, toward the Government or the defendant from the fact that any person is not on trial here.

13

1    Nor may you speculate as to what became of them and why.  These matters are wholly outside your

2    concern and have no bearing on your function as jurors in deciding the case before you.

3

4    A Defendant's Right Not to Testify

5        The defendant, Bruce Morris, did not testify in this trial.  Under our Constitution, a defendant is

6    presumed innocent and has no obligation to testify or to present any other evidence because, as I have

7    told you, it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That

8    burden remains on the Government throughout the entire trial and never shifts to the defendant.  The

9    defendant is never required to prove that he is innocent.

10       You may not attach any significance to the fact that the defendant did not testify.  No adverse

11   inference against the defendant may be drawn by you because the defendant did not take the witness

12   stand.  You may not consider this in any way in your deliberations in the jury room.

13

14

15                                    **II. SUBSTANTIVE CHARGES**

16       That concludes my introductory instructions.  Let me now turn to the charges.

17

18   The Indictment

19       The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

20   case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

21   indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

22   As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

23   It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

14

1   The Indictment contains four charges, or "counts," against the defendant. Each count accuses

2   the defendant of committing a different crime. You must, as a matter of law, consider each count, and

3   you must return a separate verdict for each count in which the defendant is charged. Except as I explain

4   in these instructions, your verdict on one count should not control your decision as to any other count.

5   Count One charges that, from at least in or about 2014 through at least in or about 2023, the

6   defendant participated in a conspiracy to distribute controlled substances, namely cocaine base (which is

7   commonly known as crack cocaine) and heroin.

8   The other three counts concern actions the defendant is alleged to have taken during and in

9   connection with that conspiracy, including two separate counts relating to the murder of Jerome Jemison

10  on or about August 11, 2016. Count Two charges the defendant with using, carrying, or possessing a

11  firearm — and brandishing and discharging a firearm — during and in relation to the drug conspiracy or

12  aiding and abetting the same. Count Three charges that, in the course of using, carrying, or possessing a

13  firearm during and in relation to the drug conspiracy, the defendant murdered Mr. Jemison. And Count

14  Four charges that, while engaging in the drug conspiracy, the defendant murdered Mr. Jemison.

15

16  Count One (Drug Conspiracy): Elements

17  The Indictment charges the defendant in Count One with participation in a conspiracy involving

18  drug trafficking, namely the distribution or possession with intent to distribute controlled substances —

19  specifically, cocaine base and heroin.

20  To sustain its burden of proof with respect to Count One, the Government must prove beyond a

21  reasonable doubt the following two elements:

22  First, that the conspiracy charged in the Indictment existed — that is, that two or more persons

23  agreed to distribute or to possess with intent to distribute a controlled substance; and

15

1    <u>Second</u>, that the defendant intentionally and knowingly became a member of that conspiracy —

2    that is, that he knowingly associated himself with the conspiracy and participated in the conspiracy.

3

4    <u>Count One — First Element: Existence of the Conspiracy</u>

5    The first element the Government must prove beyond a reasonable doubt with respect to Count

6    One is the existence of a conspiracy that had as its object the illegal purpose charged in the Indictment.

7    A conspiracy is a kind of criminal partnership — a combination or agreement among two or

8    more persons to join together to accomplish some unlawful purpose. A conspiracy to violate a federal

9    law is a separate and distinct offense from the actual violation of such law, which is the so-called

10   "substantive crime." A defendant's guilt does not depend on the ultimate success of the conspiracy.

11   The conspiracy itself is a separate crime, even if the conspiracy to commit the underlying substantive

12   crime was not successful.

13   To establish the existence of a conspiracy, the Government is not required to show that two or

14   more people sat around a table and entered into a formal contract or even expressed their agreement

15   orally. It is sufficient if two or more persons, in any manner, whether they say so directly or not, come

16   to a common understanding to violate the law. Express language or specific words are not required to

17   indicate agreement to or membership in a conspiracy. If you find beyond a reasonable doubt that two or

18   more persons came to an understanding, express or implied, to violate the law and to accomplish an

19   unlawful plan, then the Government will have sustained its burden of proof as to this element.

20   In determining whether there has been an unlawful agreement, you may consider acts and

21   conduct of the alleged co-conspirators that were done to carry out an apparent criminal purpose. The

22   adage "actions speak louder than words" is applicable here. Sometimes the only evidence that is

23   available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the

16

1  part of the individual conspirators, when taken together and considered as a whole. Different

2  conspirators may undertake different acts at different times. However, these acts or conduct may

3  warrant the inference that a conspiracy existed.

4        i.   Object of the Conspiracy

5      The "object" of a conspiracy is the illegal purpose that the conspirators agree or hope to achieve.

6  In this case, the object of the conspiracy — the illegal goal of the conspiracy — was the distribution or

7  possession with intent to distribute a controlled substance.

8      Let me note that the Government must prove only that the person either (1) conspired to

9  distribute a controlled substance or (2) conspired to possess the controlled substance with the intent to

10  distribute it. The Government may, but need not, prove both. You must be unanimous, however, as to

11  which of these two objectives (or both) was proved beyond a reasonable doubt to have been the object of

12  the conspiracy.

13        ii.   Distribution

14      The word "distribution" means the actual, constructive, or attempted transfer of an item. To

15  distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it

16  to be delivered, passed on, or handed over to another. Distribution does not require a sale, but it does

17  include sales.

18        iii.   Possession with Intent to Distribute

19      In defining "possession with intent to distribute," I will first discuss the concept of "possession"

20  and then discuss the concept of "intent to distribute."

21      The legal concept of possession may differ from the everyday term, so let me explain it in some

22  detail. Actual possession is what most of us think of as possession — that is, having physical custody or

23  control of an object, as I possess this pen. However, a person need not have actual, physical possession

17

1  — that is, physical control over an object — in order to be in *legal* possession of it.  If a person has the

2  ability to exercise substantial control over an object, even if he or she does not have the object in his

3  physical custody, and that person has the intent to exercise such control, then the person is in possession

4  of that object.  This is called "constructive possession."

5  Control over an object may be demonstrated by the existence of a working relationship between

6  one person having the power or ability to control the item and the person who has actual physical

7  custody.  The person having control "possesses" the object because he or she has an effective working

8  relationship with the person who has actual physical custody of the object and because he or she can

9  direct the movement or transfer or disposition of the object.

10  More than one person can have control over the same object.  The law recognizes that possession

11  may be sole or joint.  Finally, possession and ownership are not the same.  A person can possess an

12  object and not be the owner of the object.

13  Possession "with intent to distribute" simply means the possession of a controlled substance with

14  the intent or purpose to "distribute" it to another person or persons, as I have already defined that term.

15  Because no one can read a person's mind, the determination as to a person's intent may be inferred from

16  his behavior.  You may ask yourself whether any drugs in a person's possession, that is, subject to his

17  control, were for his personal use or for the purpose of distribution to another.

18  iv.  <u>Controlled Substance</u>

19  Finally, I instruct you that cocaine base (which, as I told you earlier, is commonly referred to as

20  crack cocaine) and heroin are "controlled substances" as a matter of law.

21

1   Count One — Second Element: Membership in the Conspiracy

2        The second element that the Government must prove beyond a reasonable doubt as to Count One

3   is that, at some time during the time period charged in the Indictment — namely, from at least in or

4   about 2014 through at least in or about 2023 — the defendant was a member of the charged conspiracy.

5   It is not required that the Government prove that the defendant was a member of the conspiracy for the

6   entire time that the conspiracy existed.

7        You must determine not only whether the defendant participated in the conspiracy, but also

8   whether he did so intentionally and knowingly — that is, whether he participated in the conspiracy with

9   knowledge of its unlawful purpose and with the specific intention of furthering its objective.

10  "Unlawful" simply means contrary to law; a defendant need not have known that he was breaking any

11  particular law, but he must have been aware of the generally unlawful nature of his acts.

12       In that regard, it has been said that in order for a defendant to be deemed a participant in a

13  conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof

14  of a financial interest in the outcome of the scheme is not essential, if you find that the defendant had

15  such an interest, that is a factor that you may properly consider in determining whether or not the

16  defendant was a member of a conspiracy charged in the Indictment.

17       As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you

18  must first find that he knowingly joined the unlawful agreement or plan.  The key question, therefore, is

19  whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the

20  unlawful agreement.

21       It is important for you to note that the defendant's participation in the conspiracy must be

22  established by independent evidence of his own acts or statements, as well as those of the other alleged

19

1    co-conspirators, and the reasonable inferences that may be drawn from them.  The defendant's

2    knowledge is a matter of inference from facts proved.

3         A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not

4    because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the

5    product of the defendant's conscious objective.

6         If you find that the conspiracy existed and that a defendant participated knowingly and

7    intentionally in it, the extent of the defendant's participation has no bearing on whether or not he is

8    guilty.  The fact that the defendant's participation in a conspiracy was more limited than that of a co-

9    conspirator should not affect your verdict.

10        In addition, the duration and extent of the defendant's participation has no bearing on the issue of

11    the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  The defendant

12    may have joined the conspiracy at any time in its progress, and the defendant will be held responsible

13    for all that was done before he joined and all that was done during the conspiracy's existence while he

14    was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some

15    conspirators play major roles, while others play minor roles in the scheme.  The law does not require

16    equal roles.  In fact, even a single act may be sufficient to draw the defendant within the scope of the

17    conspiracy.

18        Similarly, the Government need not prove that the defendant agreed with every other member of

19    the conspiracy, knew all the other members of the conspiracy, or had full knowledge of all the details of

20    the conspiracy.  However, in proving this element, the Government must prove beyond a reasonable

21    doubt that the defendant was connected to the conspiracy in some meaningful way, and that the

22    defendant knew the general nature of the conspiracy and knew that the conspiracy existed beyond his

23    individual role.

20

1    I want to caution you, however, that the defendant's mere presence at the scene of an alleged

2    crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or

3    more members of the conspiracy does not automatically make the defendant a member.  A person may

4    know, or be friendly with, a criminal, without being a criminal himself.  Mere knowledge that a crime is

5    being committed is, by itself, not sufficient to constitute membership in a conspiracy.  Likewise, mere

6    similarity of conduct or the fact that they may have assembled together and discussed common aims and

7    interests does not necessarily establish membership in the conspiracy.  What is necessary is that the

8    defendant participated with knowledge of at least some of the purposes and objectives of the conspiracy

9    and with intent to aid in the accomplishment of those unlawful objectives.

10    Ultimately, the question is this: Has the Government proved beyond a reasonable doubt that the

11    defendant joined the conspiracy and knowingly and intentionally participated in it with the awareness of

12    its basic purpose and as something he wished to bring about?

13

14    Count One — Special Interrogatory: Type and Quantity

15    If, but only if, you conclude that the Government has proved beyond a reasonable doubt that the

16    defendant is guilty of participating in the conspiracy described above, you must then determine whether

17    the conspiracy involved certain quantities of cocaine base and heroin.

18    Specifically, you will be asked to determine, first, whether the conspiracy involved 280 grams or

19    more of mixtures and substances containing a detectable amount of cocaine base or more than 28 grams,

20    but less than 280 grams of mixtures and substances containing a detectable amount of cocaine base.

21    And you will be asked to determine whether the conspiracy involved one kilogram or more of mixtures

22    and substances containing a detectable amount of heroin or more than 100 grams, but less than a

23    kilogram of mixtures and substances containing a detectable amount of heroin.

21

1    Your findings on type and quantity of controlled substances must be unanimous in the sense that

2    all of you must agree that the conspiracy involved at least the type and quantity indicated.  Thus, for

3    example, if all of you agree that the conspiracy involved 280 grams or more of mixtures and substances

4    containing a detectable amount of cocaine base, you should indicate 280 grams or more of cocaine base.

5    If, however, some jurors concluded that the conspiracy involved 280 grams of mixtures and substances

6    containing a detectable amount of cocaine base and the rest of the jurors concluded that it involved more

7    than 28 grams but less than 280 grams of such mixtures and substances, you may not indicate that the

8    conspiracy involved 280 grams or more of cocaine base.  Under those circumstances, however, you may

9    indicate more than 28 grams, but less than 280 grams of cocaine base, because every juror agrees that

10   the conspiracy involved at least 28 grams of cocaine base.

11   In determining the type and quantity of controlled substances involved in the conspiracy, you

12   should include (1) any transactions in furtherance of the conspiracy in which the defendant personally

13   participated, and (2) any transactions in furtherance of the conspiracy that the defendant reasonably

14   foresaw even though he did not personally participate in these sales.  Your findings on drug type and

15   quantity must be unanimous and beyond a reasonable doubt.

16

17   Count Two (Firearm Offense): Elements

18   Count Two of the Indictment charges that, while engaged in the drug conspiracy charged in

19   Count One, the defendant knowingly used and carried a firearm, and in furtherance of the conspiracy,

20   possessed a firearm, and that the firearm was brandished and discharged.

21   To sustain its burden of proof with respect to Count Two, the Government must prove each of

22   the following elements beyond a reasonable doubt:

23   First, that the defendant used or carried or possessed a firearm, or any combination of those acts.

22

1    Second, that the defendant used or carried the firearm during and in relation to the conspiracy

2    charged in Count One, or that the defendant possessed a firearm in furtherance of the conspiracy

3    charged in Count One.

4    Third, that the defendant acted knowingly.

5    If you conclude the Government has proved beyond a reasonable doubt that the defendant

6    committed each of those three elements, you then must answer a further question: whether the

7    Government has proved that the defendant brandished or discharged the firearm.

8

9    Count Two — First Element: Use, Carry, or Possess

10    The first element the Government must prove beyond a reasonable doubt with respect to Count

11    Two is that, from at least in or about 2014 through at least in or about 2023, the defendant used, carried,

12    or possessed a firearm.  Let me start by defining some terms.

13    A "firearm" is defined as any weapon that will, or is designed to or may readily be converted to,

14    expel a projectile by the action of an explosion.  It does not matter if the firearm was loaded or operable

15    at the time of the crime.  A gun is a firearm.

16    In order to prove that someone "used" a firearm, the Government must prove beyond a

17    reasonable doubt an active employment of the firearm.  This does not mean that the defendant must

18    actually have fired or attempted to fire the weapon, although those would obviously constitute use of the

19    weapon.  Brandishing, displaying, or even referring to the weapon so that other people knew that the

20    person had a firearm available if needed all constitute "use" of the firearm.  But the mere possession of a

21    firearm at or near the site of a crime, without active employment, is not sufficient to constitute "use" of

22    the firearm.

23

1    To prove that someone "carried" a firearm, the Government must prove beyond a reasonable

2    doubt that the defendant had the weapon within his control in such a way that it furthered the

3    commission of the relevant crime of violence or drug trafficking crime.

4    With respect to "possessing" a firearm, the Government must prove beyond a reasonable doubt

5    that the defendant either had actual physical possession of the firearm or had substantial custody or

6    control over it.  But mere possession of a firearm is not enough.  The possession must be in furtherance

7    of the relevant crime of violence or drug trafficking crime — in other words, it must have played some

8    part in furthering the crime for this element to be satisfied.

9

10    Count Two — Second Element: During and in Relation to a Drug Trafficking Crime

11    The second element that the Government must prove beyond a reasonable doubt with respect to

12    Count Two is that the defendant either used or carried a firearm during and in relation to the drug

13    conspiracy charged in Count One, or possessed a firearm in furtherance of that crime.  You must find

14    beyond a reasonable doubt that the defendant actually committed the drug conspiracy charged in Count

15    One.  Possession in furtherance, as I explained earlier, requires that the firearm must have played some

16    part in furthering the crime in order for this element to be satisfied.

17

18    Count Two — Third Element: Knowingly

19    The final element the Government must prove beyond a reasonable doubt with respect to Count

20    Two is that the defendant knew that he was using, carrying, or possessing a firearm and that he acted

21    knowingly in doing so.

22    To satisfy this element, you must find that the defendant had knowledge that what was being

23    carried or used was a firearm as that term is generally used.  An act is done "knowingly" if it is done

24

1    purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed

2    you earlier that to find that someone acted knowingly requires you to make a finding as to that person's

3    state of mind.  In order for the Government to satisfy this element, it must prove that the defendant knew

4    what he was doing — for example, that he knew that he was possessing or carrying a firearm in

5    furtherance of the drug conspiracy.  It is not necessary, however, for the Government to prove that the

6    defendant knew that he was violating any particular law.

7

8    Count Two — Aiding and Abetting

9        Before moving on, I want to instruct you on the concept of aiding and abetting, which is relevant

10    to Count Two — but only to Count Two.

11        Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of

12    liability that permits a person to be guilty of a specified crime if that person, while not himself

13    committing the crime, assisted another person or persons in committing the crime.  In other words, a

14    person can be guilty of a crime if he committed the crime himself or if he aided and abetted the

15    commission of the crime by one or more other people.

16        Under the aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or

17    procures" the commission of an offense is punishable as a principal.  You should give these words their

18    ordinary meaning.  A person aids or abets a crime if he knowingly does some act for the purpose of

19    aiding or encouraging the commission of that crime, with the intention of causing the crime charged to

20    be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move

21    by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by

22    unscrupulous or indirect means.

25

1        A person who aids and abets another to commit an offense is just as guilty as if he committed it

2    himself.  As you can see, the first requirement is that the crime charged was actually committed.

3    Obviously, no one can be guilty of aiding and abetting the criminal acts of another if no crime was

4    committed by the other person.  But if a crime was committed, then you may consider whether the

5    defendant or another person aided or abetted the commission of the crime.

6        To aid and abet another in the commission of a crime, it is necessary that a person acted with the

7    same criminal intent necessary for the principal to be guilty, willfully and knowingly associated himself

8    in some way with the crime, and willfully and knowingly sought by some act to help make the crime

9    succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally.

10       The mere presence of a person where a crime is being committed, even coupled with knowledge

11   by the person that a crime is being committed, or the mere acquiescence by that person in the criminal

12   conduct of others, even with guilty knowledge, is insufficient to establish aiding and abetting.

13       The Government must prove that an aider and abettor took some conscious action that furthered

14   the commission of the crime and that he did so with the intent to bring about the crime.  To determine

15   whether a person aided and abetted a crime, ask yourself:

16       • Did he participate in the crime charged as something he wished to bring about?

17       • Did he associate himself with the criminal venture knowingly?

18       • Did he seek by his actions to make the criminal venture succeed?

19   If, but only if, the Government proves beyond a reasonable doubt that the answer to all three questions is

20   "yes," then a person is an aider and abettor, and therefore guilty of the offense.

21       A person can also be found guilty of a crime if he willfully caused another person to commit the

22   crime.  What does the term "willfully caused" mean?  As I just noted, to do something willfully is to do

23   something voluntarily and intentionally.  To "cause" means to bring something about, to effect

26

1   something.  So "willfully caused" means that it is not necessary for the person himself to have

2   physically committed the crime to be guilty of that crime.

3          To determine whether a person "willfully caused" the commission of a federal crime, ask

4   yourself these questions:

5          • Did he intentionally take action that caused someone else to commit an act that would

6                have been a crime if he himself had committed that act?

7          • Did he intend that the crime would actually be committed by someone else?

8   If the Government proves beyond a reasonable doubt that the answer to both of these questions is "yes,"

9   then the person willfully caused another to commit the federal crime at issue, and he is therefore guilty

10  of the offense under federal aiding and abetting liability as if he himself had physically committed it.

11         To apply these instructions on aiding and abetting to Count Two, which charges the use or

12  carrying of a firearm during and in relation to the conspiracy charged in Count One, or the possession of

13  a firearm in furtherance of that conspiracy, you must make two findings.  First, you must find that the

14  defendant either was an active participant in the drug conspiracy or that he facilitated the use, carrying,

15  or the possession of a firearm.  Second, you must find that the defendant had advance knowledge that

16  another participant in the drug conspiracy would use or carry a firearm during and in relation to the

17  conspiracy, or would possess a firearm in furtherance of the conspiracy.  To be clear: To be guilty of

18  aiding and abetting the crime charged in Count Two, it is not necessary that the defendant facilitated

19  both the drug conspiracy *and* the possession, use, or carrying of the firearm.

20         Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or

21  withdraw from it.  Knowledge of the gun may, but does not have to, exist before the underlying crime is

22  begun.  It is sufficient if the knowledge is gained in the middle of the underlying crime so long as the

23  defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.  You

27

1   may, but not need not, infer that the defendant has sufficient knowledge if you find that the defendant

2   continued his participation in the crime after learning about the use, carrying, or possession of a gun by a

3   confederate.

4

5   Count Two — Special Interrogatory: Brandishing or Discharging

6          If and only if, you find the defendant guilty on Count Two, then you must make two additional

7   findings.  First, you must indicate whether the Government has proved beyond a reasonable doubt that

8   the defendant "brandished" a firearm.  Second, you must determine whether the Government has proved

9   beyond a reasonable doubt that the firearm was "discharged."

10          To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the

11   presence of the firearm known to another person, in order to intimidate that person, regardless whether

12   the firearm is directly visible to that person.

13          The term "discharge" means to fire or shoot a firearm, whether intentionally or accidentally.

14

15   Count Three (Murder Using a Firearm): Elements

16          Next, Count Three charges the defendant with knowingly using and carrying a firearm during

17   and in relation to the drug conspiracy resulting in murder.  This count relates to the murder of Jerome

18   Jemison.

19          To sustain its burden of proof with respect to Count Three, the Government must prove each of

20   the following four elements beyond a reasonable doubt:

21          First, that on or about August 11, 2016, the defendant committed the crime charged in Count

22   Two, namely using or carrying a firearm during and in relation to the conspiracy charged in Count One,

23   or possessing a firearm in furtherance of that conspiracy;

28

1    Second, that the defendant intentionally caused the death of Mr. Jemison through the use of the

2    firearm;

3        Third, that the death of Mr. Jemison qualified as a murder under federal law; and

4        Fourth, that the defendant acted knowingly.

5

6    Count Three — First Element: Crime Charged in Count Two

7        The first element that the Government must prove beyond a reasonable doubt with respect to

8    Count Three is that, on or about August 11, 2016, the defendant committed the crime charged in Count

9    Two, namely that he used or carried a firearm during and in relation to the conspiracy charged in Count

10   One, or he possessed a firearm in furtherance of that conspiracy.  You should obviously apply those

11   instructions here.

12

13   Count Three — Second Element: Causing Death

14       The second element the Government must prove beyond a reasonable doubt with respect to

15   Count Three is that the defendant caused the death of Mr. Jemison through the use of a firearm.  The

16   defendant may be found to have caused the death of the victim if his conduct was a substantial factor in

17   causing the death and the victim would not have died except for that conduct.  Conduct was a substantial

18   factor if it had such an effect in producing the death that would lead a reasonable person to regard the

19   conduct as a cause of death.  The death of a person may have one or more than one cause.  The

20   Government need not prove that the conduct of the defendant was the only cause of Mr. Jemison's

21   death, and you do not need to find that the defendant shot Mr. Jemison or committed the final, fatal act.

22   The Government need prove only that the conduct of the defendant was a substantial factor in causing

23   the death.

29

1

2 <u>Count Three — Third Element: Death Qualifies as a Murder Under Federal Law</u>

3        The third element the Government must prove beyond a reasonable doubt with respect to Count

4 Three is that the death of Mr. Jemison qualified as a murder under federal law.  The federal statute

5 defines murder as "the unlawful killing of a human being, with malice aforethought."  A killing is done

6 with "malice aforethought" if it was done consciously with the intent to kill.  The Government must

7 prove beyond a reasonable doubt that the act that caused death was done willfully, with a bad or evil

8 purpose to break the law.  But the Government need not prove spite, malevolence, hatred, or ill will

9 toward the victim in order to prove "malice aforethought."

10

11 <u>Count Three — Fourth Element: Knowingly</u>

12        I have already explained to you what it means to act knowingly when I instructed you with

13 respect to Count Two.  You should apply that definition here as well.

14

15 <u>Count Four (Murder while Engaged in a Drug Conspiracy): Elements</u>

16        Finally, Count Four charges that, while engaged in a conspiracy to distribute at least 280 grams

17 of cocaine base or one kilogram or more of heroin, the defendant intentionally killed Mr. Jemison.

18        In order to sustain its burden of proof as to Count Four, the Government must prove each of the

19 following four elements beyond a reasonable doubt:

20        <u>First</u>, that on August 11, 2016, the defendant was engaged in the drug conspiracy charged in

21 Count One;

22        <u>Second</u>, that the conspiracy involved at least 280 grams of cocaine base or one kilogram of

23 heroin;

30

1    <u>Third</u>, that while engaged in that drug conspiracy, the defendant intentionally killed Mr. Jemison;

2    and

3    <u>Fourth</u>, that the killing actually resulted from the defendant's actions.

4

5    <u>Count Four — First Element: Drug Conspiracy</u>

6      The first element the Government must prove beyond a reasonable doubt with respect to Count

7    Four is that, on or about August 11, 2016, the defendant was engaged in the drug conspiracy charged in

8    Count One.  I have already explained to you the elements of the drug conspiracy charged in Count One,

9    and you should apply those instructions here.

10

11   <u>Count Four — Second Element: Drug Type and Quantity</u>

12     The second element the Government must prove beyond a reasonable doubt with respect to

13   Count Four is that the conspiracy involved at least 280 grams of mixtures and substances containing

14   cocaine base or at least one kilogram of mixtures and substances containing heroin.  I previously

15   instructed you, in connection with Count One, on how to determine the types and quantities of

16   controlled substances that were involved in the conspiracy, and you should apply those instructions here.

17     Note that, while you may find the defendant guilty on Count One, the drug conspiracy charge, as

18   long as you find that he conspired to distribute or possess with the intent to distribute some quantity of

19   cocaine base or heroin, to find him guilty on Count Four you must find that the Government proved

20   beyond a reasonable doubt that the conspiracy involved at least 280 grams of mixtures and substances

21   containing cocaine base or at least one kilogram of mixtures and substances containing heroin.

22

1  <u>Count Four — Third Element: Intentional Killing While Engaged in a Drug Conspiracy</u>

2         The third element that the Government must prove beyond a reasonable doubt with respect to

3  Count Four is that the defendant, while engaged in the drug conspiracy, intentionally killed Mr. Jemison.

4  I will define those terms for you now.

5                i.    <u>"While Engaged In"</u>

6         To show that the killing of Mr. Jemison occurred while the defendant was engaged in the drug

7  conspiracy, the Government must prove more than simply a temporal connection between the killing

8  and the drug conspiracy.  The Government must prove beyond a reasonable doubt that the killing

9  occurred because and as part of the defendant's engaging in the drug conspiracy.  The Government must

10  show that a substantive connection existed between the alleged conspiracy and the killing — in other

11  words, that the alleged conspiracy was one purpose of the killing.  If you find that the killing was wholly

12  unconnected to the alleged drug conspiracy or was simply coincidental to it, then this element is not

13  satisfied.  A drug-related motive need not be the sole purpose, the primary purpose, or even one that was

14  equally important to any non-drug-related purpose, as long as it was one of the purposes.

15               ii.    <u>"Intentionally Killed"</u>

16         A person intentionally kills another person when he does so deliberately and purposefully.  That

17  is, the defendant's actions must have been his conscious objective rather than the product of a mistake or

18  accident or mere negligence or some other innocent reason.

19

20  <u>Count Four — Fourth Element: Death Results</u>

21         The fourth element that the Government must prove beyond a reasonable doubt with respect to

22  Count Four is that the death of Mr. Jemison actually resulted from the act or acts of the defendant.

23

1    Venue

2         In addition to all of the elements that I have described for you, in order to convict the defendant

3    on any count of the Indictment, you must also decide whether any act in furtherance of that crime

4    occurred within the Southern District of New York.  The Southern District of New York includes

5    Manhattan and the Bronx.

6         The Government need not prove that any crime was committed entirely in this district or that the

7    defendant was present here.  It is sufficient to establish venue if any act in furtherance of the crime

8    occurred within the Southern District of New York and it was reasonably foreseeable to the defendant

9    that the act would take place in the Southern District of New York.  Any action in this district or any

10   communication into or out of this district can establish venue so long as the action or communication

11   furthered the charged offense.  If you find that the crime charged was committed in more than one

12   district, venue is proper in any district in which the crime was begun, continued, or completed.

13        I should note that on this issue — and this issue alone — the Government's burden is not proof

14   beyond a reasonable doubt, but only proof by a preponderance of the evidence.  Thus, the Government

15   has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

16   in furtherance of the crime charged in that count occurred in the Southern District of New York.  By

17   contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with

18   regard to any count, then you must acquit the defendant of that count.

19

20   Timing of the Offenses

21        With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged

22   conduct occurred around the dates set forth in the Indictment.  It does not matter if a specific event or

23   transaction is alleged to have occurred on or about a certain date and the evidence indicates that, in fact,

33

1    it occurred on another date.  The law requires only a substantial similarity between the dates alleged in

2    the Indictment and the dates established by the testimony and other evidence.

3

4

5                              **III. CONCLUDING INSTRUCTIONS**

6    <u>Selection of the Foreperson</u>

7            In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

8    task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

9    but is the person who will communicate with me when questions arise and when you have reached a

10   verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

11   be signed by the foreperson and should include the date and time they were sent.  They should also be as

12   clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

13   please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

14   how the jury stands on any issue until after a unanimous verdict is reached.

15

16   <u>Right to See Exhibits and Hear Testimony</u>

17           Most of the exhibits (namely, all of the exhibits other than the alleged drugs and drug

18   paraphernalia) will be given to you near the start of deliberations.  In addition, you will also be provided

19   with a list of all the exhibits that were received into evidence.

20           If you want to view any of the evidence that is not given to you, or if you want any of the

21   testimony submitted to you or read back to you, you may request that.  Keep in mind that if you ask for

22   testimony, however, the court reporter must search through her notes, the parties must agree on what

23   portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

1  can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

2  portions of the testimony, if you do.

3      Again, your requests for testimony — in fact, any communication with the Court — should be

4  made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

5  Security Officers.

6

7  Juror Note-Taking

8      If any one of you took notes during the course of the trial, you should not show your notes to, or

9  discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

10  used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

11  greater weight than those of any other juror.  Finally, your notes are not to substitute for your

12  recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

13  the testimony, you may — as I just told you — request that the official trial transcript that has been

14  made of these proceedings be submitted or read back to you.

15

16  Bias, Prejudice, and Sympathy

17      All of us, no matter how hard we try, tend to look at others and weigh what they have to say

18  through the lens of our own experience and background.  We each have a tendency to stereotype others

19  and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

20  that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

21  all litigants and witnesses are entitled to a level playing field.

22      In particular, it would be improper for you to consider, in reaching your decision as to whether

23  the Government sustained its burden of proof, any personal feelings you may have about the defendant's

35

1    race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

2    you to consider any personal feelings you may have about the race, religion, national origin, gender,

3    sexual orientation, or age of any witness or anyone else involved in this case.  Additionally, you must

4    not be influenced by any personal feelings you may have about gang violence, drug dealing, religion and

5    religious-like beliefs, or the nature of the charged crimes.

6            Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

7    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

8    question that you must ask yourselves for each count is:  Has the Government proved each element of

9    each count beyond a reasonable doubt?

10           It is for you and you alone to decide whether the Government has sustained its burden of proving

11   the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

12   and subject to the law as I have instructed you.

13           It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

14   there is a risk that you will not arrive at a true and just verdict.

15           If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

16   you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

17   that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

18   with respect to a particular count, then you should not hesitate because of sympathy or any other reason

19   to render a verdict of guilty on that count.

20           I also caution you that, under your oath as jurors, you cannot allow to enter into your

21   deliberations any consideration of the punishment that may be imposed upon the defendant if he is

22   convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

36

1    and the issue of punishment may not affect your deliberations as to whether the Government has proved

2    the defendant's guilt beyond a reasonable doubt.

3

4    <u>Duty to Deliberate</u>

5           The most important part of this case, members of the jury, is the part that you as jurors are now

6    about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

7    presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

8    would well and truly try the issues joined in this case and a true verdict render.

9           As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

10   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

11   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

12   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

13   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

14   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

15          Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

16   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

17   any time during your deliberations.

18

19   <u>Return of the Verdict</u>

20          We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

21   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

22   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

23   foreperson has been selected.

1        You should draw no inference from the questions on the Verdict Form as to what your verdict

2    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

3    should be answered.

4        After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

5    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

6    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

7    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

8    Verdict Form and hand it to me in open court when I ask for it.

9        I will stress again that each of you must be in agreement with the verdict that is announced in

10    court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

11    revoked.

12

13    <u>Closing Comments</u>

14        Finally, I say this, not because I think it is necessary, but because it is the custom in this

15    courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

16        All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

17    litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

18    to see that justice is done.

19        Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

20    guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

21    the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

22    on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

1    clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

2    impartial decision so that you will arrive at the just verdict.

3        Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

4    spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

5    patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

6    the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
    -v-                                 :          S2 24-CR-358 (JMF)
                                                          :
BRUCE MORRIS,                                             :
                                                          :          VERDICT FORM
                 Defendant.                                 :
                                                          :
------------------------------------------------------------------X

***All Answers Must Be Unanimous***


## Count One – Drug Conspiracy

As to Count One, how do you find the defendant BRUCE MORRIS?

  Guilty  _____      Not Guilty  _____

If and only if you find defendant guilty of Count One, please answer the following two questions:

   1.  Did the conspiracy charged in Count One involve (do not check more than one):

        At least 280 grams of cocaine base \_\_\_\_\_

        More than 28 grams but less than 280 grams of cocaine base \_\_\_\_\_

   2.  Did the conspiracy charged in Count One involve (do not check more than one):

        At least one kilogram of heroin \_\_\_\_\_

        More than 100 grams but less than one kilogram of heroin \_\_\_\_\_


***Please Turn to the Next Page***

## Count Two – Firearms Offense

As to Count Two, how do you find the defendant BRUCE MORRIS?

Guilty _____     Not Guilty _____

If and only if you find defendant guilty of Count Two, please answer the following two questions:

1. Did the Government prove that a firearm was brandished?

    Proved _____     Not Proved _____

2. Did the Government prove that a firearm was discharged?

    Proved _____     Not Proved _____

## Count Three – Murder Using a Firearm

As to Count Three, how do you find the defendant BRUCE MORRIS?

Guilty _____     Not Guilty _____

## Count Four – Murder While Engaged in a Drug Conspiracy

As to Count Four, how do you find the defendant BRUCE MORRIS?

Guilty _____     Not Guilty _____

*Please Turn to the Next Page*

2

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____    _____

Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Date and Time: _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict. The foreperson should retain the official Verdict Form to be handed to the Judge in open court.*

3