UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA                                  :
                                                          :
            -v-                                           :            24-CR-358 (JMF)
                                                          :
BRUCE MORRIS,                                             :            MEMORANDUM OPINION
                                                          :                AND ORDER
                              Defendant.                  :
                                                          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On August 19, 2025, the Court received the attached motion from Defendant Bruce

Morris, proceeding without counsel, to "arrest judgment" pursuant to Rule 34 of the Federal

Rules of Criminal Procedure.  Rule 34(a) provides that, "[u]pon the defendant's motion or on its

own, the court must arrest judgment if the court does not have jurisdiction of the charged

offense."  Under Rule 34(b), however, a defendant "must move to arrest judgment within 14

days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo

contendere."  In this case, the jury reached its verdict as to some counts on January 22, 2025; the

Court dismissed the remaining counts on February 20, 2025.  *See* ECF Nos. 79, 88.  But Morris

did not file his motion until August 2025 — *well* beyond the deadline to file a motion under Rule

34.  "The . . . time limit set out in Rule 34 is mandatory and jurisdictional."  *United States v.

Hurd*, 176 F.3d 490 (10th Cir. 1999) (table).  Accordingly, Morris's is plainly untimely.  *See,

e.g.*, *United States v. Buczek*, No. 09-CR-121S, 2011 WL 1044237, at *1 (W.D.N.Y. Mar. 7,

2011); *United States v. Posr*, 463 F. Supp. 2d 434, 436 (S.D.N.Y. 2006).

That said, the Court lacks jurisdiction to deny Morris's motion on that basis because he

has filed a notice of appeal, *see* ECF No. 107, and, in general, "[a] notice of appeal 'confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects

of the case involved in the appeal,'" *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989)

(quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  Rule 37(a) of

the Federal Rules of Criminal Procedure allows a district court to deny a motion notwithstanding

a pending appeal, but the Rule is limited by its terms to "timely motion[s]."  It follows that

Morris's motion must be and is DISMISSED for lack of jurisdiction rather than denied as

untimely or on the merits.  *See, e.g.*, *United States v. Gonzalez*, No. 24-11757, 2024 WL

5245013, at *2 (11th Cir. Dec. 30, 2024) (unpublished), *cert. denied*, No. 24-7060, 2025 WL

1549840 (U.S. June 2, 2025); *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016).

The Clerk of Court is directed to mail this Order to:

> BRUCE MORRIS
> Register No. 19128-511
> MDC BROOKLYN
> Federal Correctional Institution
> P.O. BOX 329002
> Brooklyn, NY 11233

SO ORDERED.

Dated: August 28, 2025
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
     Plaintiff,
        – against –
BRUCE MORRIS, a/k/a "G",
     Defendant.

Case No.: 1:24-cr-00358-JMF

## MEMORANDUM OF LAW IN SUPPORT OF

## MOTION TO ARREST JUDGMENT

IX. INEFFECTIVE ASSISTANCE OF COUNSEL – VENUE AND JURISDICTION
ABANDONED

Defense counsel Mark S. DeMarco rendered constitutionally ineffective assistance in
violation of the Sixth Amendment by failing to challenge improper venue, structural
jurisdictional defects, and the insufficiency of the indictment. At no stage did counsel
raise a timely motion to dismiss under Rule 12(b)(3)(B), nor did he preserve objections to
the indictment's failure to allege an offense within the Southern District of New York or
the District of Columbia.

This constitutes abandonment of fundamental rights. Venue is not a technicality—it is a
jurisdictional requirement. The failure to assert it constitutes a waiver only if the
defendant is advised of the right and knowingly relinquishes it. DeMarco made no record
preserving this right, nor did he seek dismissal or proper transfer under 28 U.S.C. §
1406(a).

Moreover, counsel failed to contest the government's impermissible attempt to convert
defective charging instruments into conviction authority, where the indictment was
nothing more than *obiter dictum*—non-binding, rhetorical, and conclusory language
without legal force. Such charging language is 'cheap talk' when not backed by specific
factual allegations or acts, as required by Russell v. United States, 369 U.S. 749 (1962).

However, transfer is not appropriate in this case because the District of Columbia also lacks venue and jurisdiction over the alleged conduct. Since neither SDNY nor D.C. is a proper forum, the only available remedy under § 1406(a) is dismissal of the indictment. See United States v. Ramirez, 420 F.3d 134 (2d Cir. 2005) (venue must be established independently for each count).

PRELIMINARY STATEMENT

Defendant Bruce Morris respectfully submits this Memorandum of Law in support of his Motion to Arrest Judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure. The judgment entered on August 4, 2025, must be vacated due to fundamental jurisdictional and constitutional defects in the Superseding Indictment (Doc. 34), including a mistrial on Count One, improper venue, failure to state offenses, and an excessive sentence in violation of the Eighth Amendment.

ARGUMENT

I. LEGAL STANDARD UNDER RULE 34

Under Rule 34(a) of the Federal Rules of Criminal Procedure, the court "must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." This rule codifies longstanding constitutional principles requiring that a valid conviction be based upon a legally sufficient indictment and within the jurisdiction of the court. See United States v. Cotton, 535 U.S. 625, 630 (2002).

II. THE INDICTMENT FAILS TO CHARGE VALID OFFENSES

The indictment is facially defective under Russell v. United States, 369 U.S. 749 (1962), for failing to allege overt acts or drug quantities with specificity. Counts Two and Three are duplicative, violating Ball v. United States, 470 U.S. 856 (1985). Count Four lacks essential facts, making the indictment legally insufficient.

III. JURISDICTION AND VENUE ARE DEFECTIVE

The Court lacks jurisdiction because the indictment fails to allege a federal nexus or act within the Southern District of New York or District of Columbia. Article III, § 2 and the Sixth Amendment require trial in the proper venue. See United States v. Cabrales, 524 U.S. 1 (1998); United States v. Johnson, 323 U.S. 273 (1944).

IV. THE MISTRIAL ON COUNT ONE DESTABILIZES THE VERDICT

The jury's inability to convict on Count One, the most serious charge, creates prejudicial spillover on remaining counts. See Arizona v. Fulminante, 499 U.S. 279 (1991). The mistrial undermines the integrity of the conviction.

## V. THE SENTENCE IS CRUEL AND UNUSUAL UNDER THE EIGHTH AMENDMENT

A 27-year sentence based on counts that are constitutionally infirm violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Graham v. Florida, 560 U.S. 48 (2010); Solem v. Helm, 463 U.S. 277 (1983). The Court must vacate the sentence as grossly disproportionate and unsupported.

## VI. CONTROLLING LAW MANDATES ARREST OF JUDGMENT

The Supreme Court has made clear that structural and jurisdictional defects cannot be waived and require mandatory reversal. See Gonzalez v. Thaler, 565 U.S. 134 (2012); United States v. Morgan, 346 U.S. 502 (1954). Rule 34 is designed to ensure that no conviction stands on a void or unconstitutional basis.

## CONCLUSION

For the foregoing reasons, the Court must arrest judgment, vacate the conviction and sentence, and dismiss the Superseding Indictment with prejudice.

Dated: August 5, 2025
Respectfully submitted,

/s/ Bruce Morris
Bruce Morris
Defendant, Pro Se
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11233

Digitally Signed by: Bruce Morris

Date: August 5, 2025

Location: MDC Brooklyn, P.O. Box 329002, Brooklyn, NY 11233

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
     Plaintiff,
          – against –
BRUCE MORRIS, a/k/a "G",
     Defendant.

Case No.: 1:24-cr-00358-JMF

**[PROPOSED] ORDER GRANTING MOTION TO ARREST JUDGMENT**

Upon consideration of Defendant Bruce Morris's Motion to Arrest Judgment pursuant to
Rule 34 of the Federal Rules of Criminal Procedure, and based on the structural,
jurisdictional, constitutional, and venue-related defects outlined therein—including the
mistrial on Count One, improper venue, and Eighth Amendment sentencing concerns—
this Court is mandated to act in accordance with controlling law.

WHEREAS:

- Under Rule 34(a)(1)–(2), Fed. R. Crim. P., the court must arrest judgment if the
indictment fails to charge an offense or if the court lacks jurisdiction;
- Article III, § 2 of the United States Constitution and the Sixth Amendment require
proper venue and a trial in the district where the crime was committed (see United States
v. Cabrales, 524 U.S. 1 (1998); United States v. Johnson, 323 U.S. 273 (1944));
- An indictment must allege all essential elements of a federal offense to confer
jurisdiction and satisfy constitutional due process (see Russell v. United States, 369 U.S.
749 (1962); United States v. Cotton, 535 U.S. 625 (2002));
- Structural errors and violations of fundamental constitutional rights—such as improper
venue, double jeopardy, and excessive punishment—require mandatory reversal (see
Arizona v. Fulminante, 499 U.S. 279 (1991); Ball v. United States, 470 U.S. 856 (1985));
- Sentencing that is grossly disproportionate and unsupported by a valid conviction
violates the Eighth Amendment's ban on cruel and unusual punishment (see Graham v.
Florida, 560 U.S. 48 (2010); Solem v. Helm, 463 U.S. 277 (1983));
- Courts are bound by the Supremacy Clause to apply U.S. Supreme Court precedent as
controlling law (U.S. Const. art. VI, cl. 2);

IT IS HEREBY ORDERED that:

1. The Motion to Arrest Judgment is GRANTED;

2. The judgment entered on August 4, 2025, is hereby ARRESTED and VACATED;

3. The Superseding Indictment (Doc. 34) is DISMISSED WITH PREJUDICE;

4. The Clerk of Court shall update the docket accordingly and close this matter.

SO ORDERED.

Dated: _____, 2025
New York, New York


_____

HON. JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
        Plaintiff,
                – against –
BRUCE MORRIS, a/k/a "G",
        Defendant.


Case No.: 1:24-cr-00358-JMF

MOTION TO ARREST JUDGMENT

(Fed. R. Crim. P. 34 – Structural and Jurisdictional Grounds)

TO THE HONORABLE JESSE M. FURMAN, UNITED STATES DISTRICT JUDGE:

Defendant BRUCE MORRIS, through undersigned counsel or pro se, respectfully moves
this Honorable Court to arrest judgment under Rule 34 of the Federal Rules of Criminal
Procedure. The judgment entered on August 4, 2025, is void as a matter of law due to
fatal structural and jurisdictional defects in the Superseding Indictment (Doc. 34).

I. GROUNDS FOR ARREST OF JUDGMENT

0. Mistrial on Murder Count Undermines Validity of Remaining Counts
At trial, Defendant Bruce Morris faced Count One—Murder While Engaged in a
Narcotics Conspiracy (21 U.S.C. § 848(e)(1)(A))—which ended in a MISTRIAL due to a
hung jury. This non-verdict reflects the jury's inability to reach a finding of guilt beyond
a reasonable doubt on the most serious charge. The mistrial undermines the integrity of
the verdict as to the remaining counts.

1. Count One is constitutionally and statutorily defective. See United States v. Allen, 406
F.3d 940 (8th Cir. 2005).
2. Count Two is derivative of Count Four and cannot stand. See Burrage v. United States,
571 U.S. 204 (2014).
3. Count Three duplicates Count Two, violating the Double Jeopardy Clause. See Ball v.
United States, 470 U.S. 856 (1985).
4. Count Four is vague and conclusory. See Russell v. United States, 369 U.S. 749
(1962).
5. The indictment fails to confer jurisdiction. See United States v. Cotton, 535 U.S. 625
(2002).

6. Venue is not properly alleged in S.D.N.Y. or D.C. See United States v. Cabrales, 524 U.S. 1 (1998); United States v. Johnson, 323 U.S. 273 (1944).

7. No overt act is alleged to have occurred in the District of Columbia.

8. The sentence of 27 years imposed on Defendant violates the Eighth Amendment prohibition against cruel and unusual punishment. See Graham v. Florida, 560 U.S. 48 (2010); Solem v. Helm, 463 U.S. 277 (1983).

II. CONTROLLING LAW

Rule 34(a) mandates arrest of judgment where:
(1) the indictment fails to charge an offense; or
(2) the court lacks jurisdiction.

Governing precedent includes:
- United States v. Cotton, 535 U.S. 625 (2002)
- Russell v. United States, 369 U.S. 749 (1962)
- Burrage v. United States, 571 U.S. 204 (2014)
- Ball v. United States, 470 U.S. 856 (1985)
- Gonzalez v. Thaler, 565 U.S. 134 (2012)
- Arizona v. Fulminante, 499 U.S. 279 (1991)
- United States v. Cabrales, 524 U.S. 1 (1998)
- United States v. Johnson, 323 U.S. 273 (1944)
- Graham v. Florida, 560 U.S. 48 (2010)
- Solem v. Helm, 463 U.S. 277 (1983)

III. CONCLUSION

WHEREFORE, Defendant BRUCE MORRIS respectfully requests that this Court:
1. Arrest the judgment entered on August 4, 2025;
2. Vacate the conviction and sentence in full;
3. Dismiss the Superseding Indictment (Doc. 34) with prejudice;
4. Grant such other relief as the Court deems just and proper.

Dated: _____, 2025
Respectfully submitted,

_____
Bruce Morris, Pro Se or Counsel

MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11233

Digitally signed by: /s/ Bruce Morris
Date: August 5, 2025
Location: MDC Brooklyn, P.O. Box 329002, Brooklyn, NY 11233



USA
SDNY

Jesse M. Furman
40 Foley Square
New York, NY 10007

ce Morris
28-511
lyn, MDc
ox 329003
yn, NY 11232-9002